BARTON VILLAGE, INC., Village of Enosburg Falls Water & Light Department, Village of Orleans and Village of Swanton, Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Vermont Department of Public Services and Citizens Communications Company, Intervenors.

No. 02–4693.

United States Court of Appeals, Second Circuit.

July 8, 2004.

Frances E. Francis (Robert C. McDiarmid, Ben Finkelstein, Andrea G. Lonian, on the brief), Spiegel & McDiarmid, Washington, DC, for Petitioners.

Joel M. Cockrell (Cynthia A. Marlette, General Counsel, Robert H. Solomon, Deputy Solicitor, on the brief), Washington, DC, for the Federal Energy Regulatory Commission.

Kenneth G. Hurwitz, Haynes and Boone, LLP, Washington, DC, for Citizens Communications Company.

Harvey L. Reiter, Stinson Morrison Hecker LLP, Washington, DC, for Vermont Department of Public Services.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

## AMENDED SUMMARY ORDER

Petition for review of the following orders of the Federal Energy Regulatory Commission: *Barton Village, Inc., et al. v. Citizens Utilities Co.*, Order Accepting Proposed Rates for Filing Without Suspension or Hearing and Dismissing Complaint, 99 F.E.R.C. ¶ 61,111 (Apr. 26, 2002); *Barton Village, Inc., et al. v. Citizens Utilities Co.*, Order Denying Rehearing, 100 F.E.R.C. ¶ 61,244 (Sep.3, 2002).

Petitioners appeal from two orders of the Federal Energy Regulatory Commission ("FERC") dismissing their complaint and denying rehearing. Section 10(e) of the Administrative Procedure Act governs our review of the decisions of FERC. 5 U.S.C. § 706. We are to decide all questions of law, interpret statutory provisions, and set aside agency actions, findings and conclusions if found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, in excess of statutory jurisdiction, or without observance of procedure required by law. *Id.* In addition, Section 313(b) of the Federal Power Act, 16 U.S.C. 8251(b), provides that FERC's findings of fact are conclusive if supported by substantial evidence.

We assume the parties' familiarity with the facts, procedural background, and support the majority of FERC's position for the reasons that follow:

(1) Petitioners argue that FERC erred in refusing to grant refunds under *Prior Notice and Filing Requirements Under Part II of the Federal Power Act,* 62 FERC ¶ 61,139 (1993). Agencies are to be allowed broad discretion in determining what remedy to impose. *See, e.g., N.L.R.B. v. Coca–Cola Bottling Co. of Buffalo, Inc.,* 191 F.3d 316, 323–24 (2d Cir. 1999). Given that the challenged rates were filed under exceptional circumstances, we do not find that FERC's refusal to grant refunds is an abuse of discretion that we can rectify while granting proper deference to FERC.

(2) Petitioners argue that FERC erred in failing to consider the findings of the Vermont Public Service Board. While FERC might have a duty to consider all relevant facts in making its decisions, *see Scenic Hudson Preservation Conference v. F.P.C.,* 354 F.2d 608, 620 (2d Cir.1965), the

order in question did not cover the years that were at issue in the FERC action and was thus certainly irrelevant.

(3) Petitioners challenge FERC's failure to hold an evidentiary hearing. The failure to hold an evidentiary hearing is not a proper grounds for us to order FERC to impose refunds. Furthermore, Petitioners failed to adequately preserve this issue.

(4) Petitioners challenge FERC's treatment of certain interchange rates. Upon exercising proper deference, we are unable to conclude that FERC erred in deeming these rates to be formula rates.

However, Petitioners also challenge FERC's determination that the rates filed by Citizens Communications Co. ("Citizens") were reasonable. "Administrative agencies must articulate a logical basis for their decisions, including a rational connection between the facts found and the choices made." *Detsel v. Sullivan*, 895 F.2d 58, 63 (2d Cir.1990) (internal quotation omitted). FERC's explanation of its holding that Citizens' rates were reasonable falls below this standard. FERC's order provides that "the material submitted is sufficient for conducting a rate review" and "Citizens did not collect excess revenues and [ ] the rates appear to be cost-justified." 99 FERC ¶ 61,488. However, FERC fails to explain which facts it found probative in reaching these conclusions and even neglects to explain how it conducted its rate review. Therefore, we vacate and remand FERC's determination that the filed rates were reasonable on the ground that FERC's order did not provide sufficient support for this conclusion.

We have considered and rejected Petitioners' remaining arguments.

We therefore remand in part for the FERC to conduct further proceedings con-

sistent with this order and otherwise deny the petition for review.